08-0679, The State Farm Mutual Insurance, et al. v. The City of Chicago I wonder if the attorneys who are going to argue this case would step up and identify yourselves for the record. Good morning, Your Honor. My name is John Adams. I represent the plaintiff's office in this case. Mr. Adams, good morning. Good morning, Your Honor. I'm Paul Powell. I represent the City of Chicago in this case. I'm sorry, could you repeat your last name? Paul, P-O-W-L. Jay Mark Powell. Mr. Powell. Good morning, Mr. Powell. Counsel, you'll each be allowed 15 minutes to address the court. We're not rigorous in enforcing that time limit, but we'd like the attorneys to keep track of it. It's a self-discipline. Keep it in mind, please. Now, if we take up 14 of your minutes asking questions, then we'll give you a little more time, of course. And you, Mr. Adams, can save up from yours any portion you wish for a response. And you can safely assume that we've read your briefs. Excuse me. Your Honor, may it please the Court, the City of Chicago claims that it is entitled to enforce what it says is important. Is the Luna case really alive? I have to ask that question. No. All right. It's gone? You can see? Yes. Oh, all right. So there was an order? Yeah. It was dismissed in the Department of Administrative Hearings. The city filed. What I get is it moot here. Oh, yes. That's my question to you. Yes. As far as Mr. Luna is concerned, this matter is moot. You represent them both, though, right? I represent all three plaintiffs. So that the State Farm is here independently as its own person. Correct. So to speak. And obviously you're going to be ready to defend that as far as you're standing for State Farm. Yes. I'm not following. You're conceding that the Luna portion of this appeal is gone? No. That's my question. I'm conceding that it's moot as to Luna personally, but not as to the issues that were initially raised. And why not? The complaint in the Department of Administrative Hearings has been dismissed. There's nothing actually pending as far as Luna goes, is there? No, not as far as Luna goes. And you're saying that State Farm has an interest in possible other insureds? Well, not possible other insureds. State Farm has all kinds of insureds. This isn't a class action of some sort. No, it's not a class action. Let's just take this Luna aspect of it, because you're sort of saying that the Luna, even though his personal action is moot, what action is left for State Farm? The question of whether the City of Chicago is entitled to bring court claims against State Farm insureds. What insureds? Who? What? Who are they? Who are? Who are these insureds? I mean, who are they? This is not a class action. Who are you representing to claim that someone like Luna is actually here before the court? If there is anyone like Luna who is here before the court. State Farm is here before the court. And State Farm has standing to represent the interests of the insureds. You have a contractual obligation to defend them. Yes. But those insureds have to have something alive right now. Now, I'm not talking about the other gentleman, Mr. Ellis. Yes. I'm not talking about that. What insured are you referring to that has some kind of action that would warrant review, that has an interest before this court at this time? I'm not talking about the other gentleman. I can't name names. Well, here's what it configures to me, as far as you're concerned. As far as State Farm is concerned, State Farm has several thresholds to pass here. And frankly, I think it's going to be uphill. The first threshold is with respect to its interest in other insureds who may become subject to the same process. I don't think you want to spend time arguing that you have standing there, because if you do, you'll stand and fall on your standing here for the other defendants on that same subject, because clearly you don't, as far as those are concerned. However, you have the other side of the coin. Is there a public interest factor here that salvages the viability of this case, notwithstanding the fact that it's been dismissed as to Luna? The short cut of it is, is it likely to recur? Yeah, is it likely to recur? To recur. Now, the next thing. Well, that's not all. Well, no, but it's enough to keep you from getting thrown out of court. And the fact of the matter is that you kind of are on a bind here, because you have that in the other party that you're representing. You know, you have the continuity of these issues in the remaining insureds, in the remaining, in Balestri, who stays in the case. Then you have another, I think, even more serious problem with Balestri in establishing whether you as the guarantor have sufficient interest in this proceeding to pursue your own action assigned from your position as the subrogee of Balestri. And I think you have an uphill battle there. I'm telling you at the outset, I'm not going to tell you the bottom line is strong, but I'm telling you that it's not going to be easy for you to do that. Well, first of all, State Farm is not simply a guarantor. I don't know if I'm speaking for my colleagues, but certainly as far as I'm concerned. Well, the obligation of a liability insurer is not really to guarantee that his debt gets paid. The obligation of a liability insurer includes the duty to defend the insurer, and that gives the State Farm an interest. Is it given enough of an interest for us to render an opinion that wouldn't be considered advisory? I mean, were we really acting as your own legal department as opposed to adjudicating the conflict? Yes. Are you sure you want to persist in this? Yes, absolutely. We're not asking you. Go ahead. There's no advisory opinion being requested here. Well, what about, let's go to the other fellow then. Balestri. Yes. Okay. He got a letter and. . . He got a letter, a notice from the city saying you owe us $800 and some dollars. $895.38. So what is the court going to declare about that letter? What will the court be declaring about that? Nothing about that letter, nothing. Then what is the issue? What would be the concrete issue? I mean, if the city claims that somebody owes it money, the city is entitled to say that. Okay. So then what does he have that's an actual concrete controversy that is ripe for decision? If it's not the letter, what does he have? The letter says not only you owe us money, it says bad things can happen to you if you don't pay up. Okay. And. . . What's going to happen? What is the court going to declare about the letter? Again, nothing about the letter. All right. Go ahead. What the court is going to say, what I'm asking the court to say, is that the city cannot prosecute Balestri in the Department of Administrative Hearings. It's to him, the person in the municipal district if it wants to, and collect. . . Is there another step after this letter? Yeah. The city will say, on such and such a date, we're going to start garnishing your wages, but if you want a hearing, you can ask. . . Okay. Now, at that point, if they haven't issued that letter, have they, Mr. Adams? No. Now, if they issue that letter, let's just assume they issue that letter, at that point, why shouldn't he demand his hearing, go before that administrative hearing officer, and say that you don't have jurisdiction to decide my debt to the city. I have the right to go to the trial courts and have this debt resolved. And follow through with the administrative proceeding, always contesting the jurisdiction of that tribunal to hear that decision. Well, he could do that, but. . . Isn't he required to do that? No. Because he's required to exhaust his administrative rights. And to say it's an unfriendly forum is not enough to get past exhausting his administrative rights. Well. . . Or remedies, or whatever. The case is saying that the exercise of jurisdiction by an administrative tribunal agency that doesn't have jurisdiction is an irreparable harm. And. . . But this. . . But the municipal code gives them authority, and it provides for review in the courts of that administrative decision. Well, that's the very issue that we've asked the trial court to decide, but the trial court chooses to decide. We don't think the municipal code does give them that right. Assuming that it's construed the way the city wants it construed, it would be unconstitutional because it would deprive Valesky of his right to a trial by jury in a common law court case. Did you cite any authority to the trial court for that position? We never got the chance. We stated in our complaint. . . What about to us? Where do you say that he's entitled to a jury trial for his debt? No, in the cases that you cite. Well, we don't cite cases in the complaint. No, I didn't mean the complaint. I said in the briefs to us. What authority are you applying at? I didn't make that argument in the brief before this court because that issue was never decided in the trial court. Incidentally, you spoke. . . You raised a second point here that you also raised in your brief, and I was very curious about it when the defendant confronts you in the blue brief with the fact that you didn't raise the certain point before the court involving the exhaustion argument. You said, well, this was decided on the pleadings, and consequently we couldn't introduce those points. Didn't you write briefs on that issue? Did the court call for briefs? Did they have oral arguments? And did you raise it in your briefs or did you raise it in oral arguments? As far as the exhaustion argument, we have raised. . . Did you raise it in the lower courts at all? We said in the lower court and this court that when you're challenging the jurisdiction of an administrative agency, you don't have to exhaust the administrative judgment. Exhaustion argument doesn't apply in that situation. You did argue. . . Yes, both in this court and in the trial court. What case would you compare this to that would suggest your position is correct in terms of the lack of jurisdiction for an administrative agency? Give me your best case. Give me the facts of that one to support that you have the right to challenge this jurisdiction before going through the process. And you can always lay out that position in front of that administrative agency. You say you don't believe you have jurisdiction, we're going to go through the process, and then in the trial court you can raise that same position that there was no jurisdiction to hear this administrative matter. Well, on the question of exhaustion, Kane County v. Carlson says you don't have to exhaust. . . But what were the facts of that case that mirror this? What were the facts in that, Kane? I don't recall the facts. I know it stands for that proposition. And there are other cases that also stand for that proposition. When you're not questioning any specific thing that the agency does, but you're simply saying the agency has no jurisdiction at all, then you don't have to exhaust the administrative remedy. And is it because there's no right to a jury trial that you're saying that? The court says that, doesn't it? Well, because you don't have the right to a jury trial, or because you're saying there's no authority for them to conduct hearings when the municipal code allows them to have hearings when there's a debt owed by someone to the city? Well, again, that's the interpretation of the municipal code. It's something that's never reached by the trial court, and so I don't think it's before the municipal court. The city obviously thinks the municipal code does give them the right. . . There is that statement by the Supreme Court in the Hawthorne case that when jurisdiction doesn't exist, exhaustion doesn't apply. However, logistically, how would that be handled? Because it seems to me it begs the question to some extent, where you're going to have to get into the merits to determine whether there's jurisdiction, at which point it's going to become mooted or collaterally estoppable before the agency when you decide, yes, there is jurisdiction, and therefore you didn't exhaust remedies, so you're out of here. Well, I don't know. It's a very complicated process, it seems to me, to be able to adjudicate jurisdiction in the circuit court and then be held to an exhaustion standard so as to, for us to lose our jurisdiction back to the agency. Well, I don't see how that would happen in this case. I mean, maybe theoretically it would, but in this case, the question is, was Mr. Balestre at fault and how much damage did he cause? That would be the issue before the administrative agency, assuming the agency has jurisdiction. The court isn't going to have to decide anything, any of that, and we haven't asked the court to decide anything like that. The only thing we want the court to do is decide, can the administrative agency, the DOAH, as opposed to the District Municipal District, decide this case, decide the city's case against Balestre? If the court says yes, then the city can go after Balestre and the DOAH. Didn't the court dismiss this because it felt that there was really no actual controversy? They decided at this point because that letter basically says, you owe us money. It doesn't really say anything else. The court, yes. Basically, he said you filed your deck action too soon. Well, I don't know when the proper time would be. Well, I think it would be if the letter said we're going to garnish your wages. If you don't like that, you have the right to a hearing. But it doesn't say that. No, it doesn't say anything. It really just says you owe us some money. Now, I don't think that every time somebody gets a letter that says you owe us money, you should be able to go into the chancery court and ask the court to declare whether an agency that may or may not pursue that person should be, that it should be decided right now. I want my answer now. No, I have a problem with whether there's an actual controversy here. And I think the court dismissed this because you were asking for an advisory opinion to Mr. Blestry, and I don't think the letter amounts to a controversy. And I think you need that to have for the basis of your declaratory counsel. Yes, you certainly need a controversy. What remaining steps would there have been, as far as you're concerned, that would have been discretionary or speculative as far as the city's further actions to be taken might have been? Or to make it clearer, once having received this letter, one looks to the rationale of saying it's not right. Why isn't it right? Because there are still some discretionary calls to be made where the dispute may not fully manifest itself so as to present a justiciable controversy for us to decide. The question now is, in terms of the practices of the city, and this is a softball to you because I want to hear a response to it, what further actions would have been possible once the city sends out this particular letter? Is there any indication in its course of conduct or in its practice that it may send out a letter like that and then do nothing? Well, I can't prove it on that. There's nothing on the record that will back me up on this. Well, otherwise you have to account to Justice McBride for the question. Aren't you here too soon? If, in fact, things may happen that will moot this issue, then why should we anticipate it we have enough work without it? On the other hand, if, as a matter of practice, nothing else intervenes, this is in effect step one and it's then followed. The only thing that can happen after step one is for your insurer to acquiesce and pay up. And if he doesn't pay up or she doesn't pay up, then it automatically goes to step two. Then we're in the thick of the controversy, aren't we? Yes. At that point, we're, I'm not being sure, is in the DOAH whether he likes it or not. And he doesn't want to go there. And he's been told, you owe us money. And that, I understand your position, Mr. Adams. You're saying why should he have to wait for a time when he will demand the hearing when he doesn't want to have that hearing in the first instance and the city's already told him, you owe us this money, pay up. And when someone is told they owe the city money, that should be disputed in a court of law, not in an administrative tribunal. That's correct. And I might point out the National Marine, National Marine versus EPA. In that case, there was a jurisdictional challenge. Now, to the Constitution, a challenge to the Constitution, the section of the Environmental Protection Act, the court ruled on that. The court accepted that challenge. There were a bunch of other issues raised which say, no, that's not right yet. But the jurisdictional issue, the court did rule. But in that case, that involves the 12 acres that they looked at. Okay. In that particular case, the letter was, we found contaminants in the 12 acres. Right. And consequently, even though there was no formal proceeding taken, there was a specific finding of violation. I don't know that this letter necessarily goes that distance. Well, it says you owe us money. You owe us $895. They have to tell you the specific amount. And the basis of that was a fender bender, which a police car was damaged. And so that's a finding of liability by the city, of course.  It's a demand for payment because a finding of liability would have necessitated at least that hearing before the city agency. Since the amount of the damage is not dispositive of the claim, what is dispositive of the claim is, first of all, that there was this damage, but second and probably most overridingly, whose fault it was. And that question of fault could not purportedly have been adjudicated. But with the EPA, the finding of contaminants is enough. There's a strict liability. Yes. And there is a strict liability situation. What's the difference between this and all those red light violations, the cities throwing out at people and telling them you owe us $100 because you ran a And if you want to contest this, you can have an administrative hearing. Well, there's not a tort claim. No, but it's a debt. They're saying you owe us money because you violated the statute. Well, isn't this the same thing? You violated the statute because you damaged city property. You owe us money for damaging the property. So pay up or you can go to an administrative hearing. What's the difference? Well, the difference is that a tort claim is a common law claim and it should be treated that way. Well, okay, so you're saying it's not just you owe us money. It's you owe us money because of property damage. Because you damaged our property. All right. You committed a tort. Yes. You damaged our property. Okay. And that's a common law claim. And there should be a right to a jury trial. Anything else you want to finish up with? I think we've read you briefly. There is one point I want to make. There's been a good deal of questioning here about the standing issue. The standing issue was not raised in the trial court. That's true. It was not. And I would argue that. . . The standing versus vis-a-vis the insurance carrier. Well, or anybody else. Okay. Or ballestry or. . . Well, you know, standing is sometimes it's an alter ego and sometimes it's a very close relative to subject matter jurisdiction. Because if there is no standing, it can mean there's no justiciable controversy, which we would then have to consider sui sponte since it challenges our subject matter jurisdiction. Well, the Supreme Court held in the Greer case that standing, that lack of standing is an affirmative defense. It has to be raised by the defendant. The plaintiff doesn't have to. . . Because there are different kinds of standing arguments, you know, some that challenge justiciability and others that don't necessarily do that. It's not a monochromatic kind of defense. Yes. I'm not aware of any cases that distinguish between different kinds of standing with respect to the waiver issue. Well, I think, for example, that if you purported to represent insured to have potential possibilities of being asked to appear before the DOHA or the administrative agency and that that then gives you standing, I don't think that that would have to be raised as an affirmative defense. I think we'd be obliged sui sponte to say that you're calling for an advisory opinion over which we don't have subject matter jurisdiction. I'm not aware of any case that holds that. We'll give you a chance to respond after we hear from Mr. Powell, okay? Thank you.  Good morning. Good morning. Can I ask you a question before you even start? Can we focus for the moment on the Notice of Employee Indebtedness that Mr. Palestri received on August 21st? Yes. Let's pretend for a moment that you're his lawyer. You've read it. You may have even drafted it. What do you advise him to do with respect to his response to this letter? He was a lawyer. I would advise him to contact the Revenue Department and discuss the basis for the claim and try to work something out. Yeah. Anything else? If that failed, then just like the plaintiff in National Marine, you could do nothing. Do nothing. No immediate consequences. No immediate consequences. Let me read you from the first paragraph. Your department, that's the department he works for, is being notified of your outstanding debt and failure to come into compliance may result in discipline up to and including discharge in accordance with any applicable union contracts. Furthermore, employee debt, including names and amounts owed, can be requested and publicized for the Freedom of Information Act as well as posted on the city's website. If you've already paid, fine. You must come into compliance within 30 days by doing one of the following. Pay it in full. Enroll in a voluntary payroll deduction agreement. Establish a Department of Revenue parking payment plan. That's only for parking debts, so it doesn't include this one. Or establish a Department of Water payment plan. So the letter says you have two choices. You can pay it in full or pay it on time. You're still my lawyer, Mr. Powell. What do I do after I've read this letter carefully? I still believe that you don't have to do anything until further advice. Until I fire you? Yes, that's the question. Should he be fired? Should he be injured? Should his superiors be advised that we've got a deadbeat in the department? He hasn't paid his bill or the money he owes to the city. We'll simply be notified. Well, you're my lawyer. Tell me what I should do. I don't think at this stage I would advise to do anything. I would wait to see if the city follows through on their threats. Yes. It's a demand letter. Okay. You think that's good legal advice? I hope you've got your malpractice insurance paid up when he gets fired. An un-liquidated property damage claim is not a debt due and owing. That's an allegation contained in this complaint filed before the Chancery Office. Yes, it is. He alleges that this is an un-liquidated property damage claim that you're making and you're calling it a debt when, in fact, it isn't. And he's asking the trial court to construe this particular notice in light of the ordinance. Okay? That's one of the things he's asking for. Got that? In your answer, initial answer to this complaint, you admitted certain things. You admitted that you sometimes use 232.392 for recovery and that you sometimes use 120.020 for recovery. What does that mean? Sometimes you enforce it, sometimes you don't, depending on what? Well, we might use section 232.392. Sometimes. Only as to a city employee. Okay. That only applies to city employees. Okay. They give up their rights to a trial by jury, right, because they're city employees? There is no right to a trial by jury. On a debt due and owing? On a code enforcement claim, which is what this would be if it went to the Department of Administrative Hearings. That never got to that point. Okay. It hasn't gotten to that point, but you're saying that According to this letter, you don't even mention the Department of Administrative Hearings in this letter. He doesn't have any knowledge at all that he's got a right to a hearing, according to this letter. He gets two choices, pay it in full or pay it on time, or be subject to the possibility that you're going to be fired and you're going to be posted on the website as a deadbeat. And you don't think he's in jeopardy. And he doesn't have a justiciable right that he can enforce to prevent you from doing this. Those consequences that Your Honor has specified are not under challenge in this case. This case is not about what happens to the employer, notification to the employer, or posting on a website. It's about, as counsel indicated, defeated in the circuit court.  specific forms of relief in his complaint. The first one was to declare that the unliquidated property damage claim in the letter is not a debt for purposes of the municipal code. Now, I suppose you would say that the Department of Administrative Hearing could make that determination if he raises it before them, right? Yes. They decide whether or not it's a debt. Yes. Okay. Two, declare that the accidental or unintentional damage to property of the city does not violate 84120 of the code. They could do that, too, I suppose, couldn't they? Yes. He raises that one up. Declare that the cost of repairing damaged property of the city is not a cost incurred in order to provide services reasonably related. I suppose they could address that issue, too, if he raises it, right? Yes, they could. Okay. D, declare that 12002 of the code does not authorize the city to prosecute its property damage claims in an administrative forum. Now, I suppose they could address that, too, couldn't they? Yes. But why couldn't the chancellor also address it? Because there is the key. He is challenging the right of an administrative agency to the city to enforce this kind of claim. Absolutely. Now, if he's challenging your jurisdiction to enforce that claim, what does he do? Wait for you to decide? And then appeal? Yes. He raises it before you? Raises it. Okay. I just want to get this straight now. He doesn't, in order to exhaust his administrative remedies, he first has to challenge your jurisdiction before you, right? Before DOHS. That's assuming that he's informed that he has the right to. How do you deal with Hawthorne on that question? Well, the claim here is that DOH lacks jurisdiction or authority because it does not hold jurisdiction. Hawthorne says there's no duty to exhaust if jurisdiction is in question. And our position is that jurisdiction is not in question. But he's alleged that it is in his complaint. Doesn't that give him a right to some kind of a hearing before he gets dismissed under 2619? He's alleged under his complaint. But in response to our motion to dismiss and on appeal, we have the opportunity to cite authority, showing that there is a right to a jury trial, this kind of. . . We haven't gotten to that one yet. That's the next one coming up, the jury trial. But this is just the one that's challenging whether or not you can adjudicate your property damage claims, even against employees, in an administrative form. Has that ever been litigated? Has the city ever gotten. . . Have you got a case that supports your position that you can do what you're doing under the scheme that you've set out in your blue brief? You have a scheme for the Department of Administrative Hearings to hear these things if a hearing is requested. And all of this is triggered by this letter you sent out, which doesn't say anything about a Department of Administrative Hearing hearing. It's not triggered by this letter, the second letter. The only thing that's triggered by this letter is we're going to fire you, possibly, if you don't pay this debt which you owe. In other words, it's as if I went to sleep for 20 years and woke up and found out that there had been a trial and an adjudication of the fact that I owe you $100. And when I wake up, I get this letter that says, oh, and incidentally, you owe Mr. Powell $100. We're not telling you when we made that determination or how it was adjudicated. We're just telling you that you owe it to us. There's no supporting documentation attached to this letter for the $895.98. We're just sending you this letter and saying cough up in one of two ways, payment in full or payment on time, or there's a possibility that we will fire you. Wouldn't that trigger? Isn't that an invitation to a debt action or even to an injunctive kind of action once that threat becomes imminent, as it does? You've got 30 days to do this or you'll face the possibility of being fired. What about Luna? Now, would you be – have you stopped doing this to citizens that aren't working for the city? Have you decided you're not going to pursue them in administrative hearings? Not to my knowledge, Your Honor. Well, you dismissed his $48,000 complaint, didn't you? Correct. Yes. Okay. Well, why? We told him he owed you $48,000. You decided you're going to sue him in the circuit court? Yes. Okay. Just because you decided or because you really can't be litigating property damage claims in front of a hearing officer? Well, the motivation is not on the record. He was not an employee of the city. So how did he get that letter in the first place? He didn't get the same letter that Mr. Blesher got. He got a notice of violation. He got a much more detailed letter that indicated that he had a right to go to hearings. Now, has the city attempted to reach through its administrative agent any damage to city property regardless of the potential defendant? Well, I thought that these actions here are, that a prerequisite would be that it would be city employees damaging city property over whom you have a right to garnishment, self-help, as opposed to anyone who, of reaching anyone who damages city property regardless of their employment, regardless of where they are. Is that what LUNA represents? Yes. Does the city, under what you haven't cited us to the statute that would extend your putative administrative jurisdiction to defendants who are not employees of the city? We do cite it. Section 84120 is the basis of predicate violation on which the Section 120.020 cost recovery account is based. That is a violation of municipal law, and the entire DOH system is authorized by state law. So you've chosen to set that up. But not everything is within that reach. Not everything is within that reach. And Mr. Adams' argument is that this is one of those claims that is not within that reach because this is a property damage action. He has the absolute right to have this decided in a court of law. He has the right to a jury trial, and he is not getting that at this administrative level. And he's questioning the jurisdiction of the city of Chicago to be resolving these disputes that are at their heart property damage claims that belong in the Circuit Court of Cook County, not in front of some administrative hearing office. Isn't he entitled to a yes or no answer on that question from the trial judge? Either the trial judge answers his question and says it's appropriate for administrative hearings to cover these kinds of cases, or it is not. That's what he wants the court to do. He wants the court to declare that the code doesn't authorize the city to prosecute these property damage claims in an administrative forum. Yes or no. Now, the court dismissed. He dismissed this complaint. Yes. Under 2619. Which subparagraph? Do you know? I believe it was maybe 8-3. There's no subparagraph listed in the order that the trial judge signed. I presume that the city drafted it. It's in the handwriting of the Corporation Counsel, but you don't recall what subparagraph was used. I don't. Also, if there is dual jurisdiction where the city has the prerogative of choosing its own administrative agency or choosing the courts, your contention is that doesn't give the defendant that same choice. Well, what are declaratory judgment actions all about? Are you, in fact, saying that in these contexts, the declaratory judgment remedy is not available to a potential defendant? And if it is, can't he make the choice of forum for you? It's not available because there is exhaustion as required. The administrative review law applies. So he doesn't have the prerogative of filing a DEC action, a declaratory judgment action, under the second alternative that the city has, where it could choose to take him through the circuit court. Why shouldn't he be able to ask for a declaratory remedy before the circuit court that the punitive plaintiff, now a declaratory defendant, would have had had he filed the action in the first instance? You could, of course, have sued him in circuit court, right? That's correct. And you could have made a jury demand. We could have. And you did that to Luna. He's in the circuit court. Let me ask you this. How do you explain away the jurisdiction cases? Let's assume that there is no jurisdiction for the Department of Administrative Hearings to be hearing these. They're property damage actions. Let's assume there's no jurisdiction. What do those cases say that when you're challenging and attacking the very jurisdiction to hear the case, you don't have to exhaust your administrative remedies? Those cases say that. What do they mean? Exactly what Your Honor just said. But not in this case. Yes, because. Why not? This is a case where it looks like, hey, this is a property damage action. There's no authority for the administrative hearing officer to be deciding this because there's a right at the common law to a jury on this. I understand that that's their claim in the complaint. But they also have an obligation to press before this court the grounds on which they assert. They say there's no jurisdiction. They say it because they're entitled to a jury trial. No authority is cited for that proposition. That's not a developed argument. No, but there is a right to a jury trial when you're suing someone for property damage or personal injury. There is an absolute right to a jury trial. That would be our option anyway, wouldn't it? Yes. I mean, even if he doesn't have to get review as a matter of right, we can still give it to him if we want. Waivers are a limitation on the court. So I'm not letting you off the hook on my declaratory judgment question. Why can't he pick the courts as his forum since you can? Why can't he, under the Declaratory Judgment Act, pick it for you? And if you have a right to a jury trial and he doesn't, is there a due process question lurking someplace? None has been raised. But what about that letter that says if you don't pay this money, you're going to be disciplined? And isn't there an injury alleged that is imminent? I mean, isn't there a justiciable issue, a controversy here? The city's told him, you owe us this money, and if you don't pay, we're going to get you fired. It's not. It says may result in discipline. Right. But why should he have to wait to be fired? That's not an issue in this case. He's not complaining about it. None of the plaintiffs is complaining about termination. No, but you're saying there's no right controversy. Correct. But he's been threatened with possible dismissal and, I mean, I don't know what more you could say. That's not his argument. His argument is that he does have a live actual controversy that needs to be resolved by the court regarding whether the city has jurisdiction to be hearing these matters. Whether DOH has jurisdiction. Yes. That's the injury alleged. That's the injury, not the possibility of termination or that this letter has somehow caused an injury. That's not been raised in this case. At any rate, how do you deal with having trouble recalling the name of the case? But it's dealt with in your brief and in the plaintiff's brief. It's a decision by Old Justice McGloon. It's not a terribly recent case, but it involves a demand for a settlement made by the plaintiff's attorney on a matter that has not yet gone to court. And the decision reads, since there was a demand and since they did talk about settlement, it's now, there's no necessity for a formal act to trigger standing and the court took the case. Why is this demand any less worthy than that one? Does it hang on the fact that there was no demand for settlement? Because I think you find that in here, too, if you read between the lines. Your Honor, I believe you're referring to the Miles Kimball case. And in that case, there was a demand letter sent to not only the prospective plaintiff, but also to the attorney, saying, I have a claim. Let's try to settle it. The notice of indebtedness here doesn't seek to settle a claim. Well, that's not what my ears were hearing. They were suggesting to the defendant. It'll go away if you pay the money. Yeah. It'll go away if you pay us money. How is that any different? Well, it wasn't sent to. Now, I admit that Judge McGloon's opinion doesn't elaborate very much. He never does. But it's there. Well, the notice here was not sent to an attorney. It was not suggesting that there's, as I believe the court used in that case, the ripening seeds of litigation. The next thing that was going to follow was a lawsuit. And this demand letter, this notice of indebtedness sent to the lessor, he doesn't say. The next thing that's going to happen is we're going to take you to DOH. Yeah. Now, let me just read you, because sometimes we forget that the DEC action is a statutory action, okay? And we have all these cases out there that interpret things, but there's still a statute. It's a civil practice act. Which is the first indication of your rights under a DEC action is in the statute. The court may, in cases of actual controversy, now that's going to be part of the problem with this case, of course, make binding declarations of rights having the force of final judgments, whether or not any consequential relief is or could be claimed. Now, listen to this next clause. Including the determination, in the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation. Two of his prayers for relief asked the court to construe the municipal ordinance as saying, basically, they don't have the right to collect this debt until it's been determined it really is a debt. And they certainly don't have the right under the municipal ordinance to do it in an administrative hearing. Isn't that a fair question for a DEC action? There's no actual controversy in terms of. . . I knew you were going to say that. But if we find there's an actual controversy, then it appropriately belongs in the circuit court. At least as far as the DEC declaration is concerned. Rather than dismissing it, I mean, he dismissed it because he said it wasn't right. I'm curious. Why do you say there's no actual controversy? Is it because the defendant didn't say no? Because you guys are very adamant in saying yes. Well, we say it because. . . I mean, if he responded and said, I don't know it, would there be a controversy then? I don't think you want to say there would be. But I think you would virtually have to say that. I don't think there would be until the notice under the wage garnishment ordinance was issued to Mr. Polestri. So the actual garnishment would have to go through before Mr. Polestri has any rights. And you as his attorney are going to recommend that that's what he do? That he wait. He could get a hearing at the O.H. And garnishments are usually followed with firing. Employers take the position as a matter of practice, at least in my experience, and I'm not taking judicial notice of it, I'm only commenting, that employers who get garnishment orders generally fire the nuisance. Now, you guys wouldn't fire until you collected your debt. But where would his job status be after that garnishment? One more hypothetical before we stop beating up on you, Mr. Powell. And you're doing fine. The fact that we're beating up on you is something you should not do. You're staying cool. And that's a challenge. And it certainly isn't a sign of where we come out on this thing. But let's assume that Mr. Polestri was driving his private automobile, still an employee of the city but off-duty, and he hit a city ambulance and caused $48,000 in damage. That's what the other guy did. But now we're making him a city employee. He's driving his private car, insured by State Farm, and you send him a dunning notice saying that you owe the city $48,000 for damage to the ambulance. Nobody's adjudicated who's at fault in this accident. You just send him the notice because you say it's a debt due and owing because he damaged city property. Does State Farm, which has promised in their contract of insurance to reimburse him for damages he causes in an accident, do they have standing to come in now once he gets this notice in the mail that he's owing the city $48,000 rather than $895,000? If it was within the contract, they were covered, then presumably State Farm would come in and exercise... Would they ignore it the way you advised him to? They would defend... Where? Where are they going to defend? They wouldn't have to defend anything until it went to litigation. Thirty days go by. He's been warned that in 30 days he's going to get fired if he doesn't pay the $48,000. Are you advising him now... You're the attorney with State Farm now, Mr. Powell. Do you advise him to wait until he's fired and then adjudicate? No, I would advise him to wait to see if the city proceeds with the case. You wouldn't advise him to file a deck action to get this thing straightened out and protect his rights, if any? I don't think there's a basis for that. You haven't advised Mr. O'Lestry that it's all over and you're never going to go after him for the $800,000 or $895,000, have you? There's nothing in the record to that effect. So it's still hanging over his head? Would you think that it's ripe enough with this demand letter for him to tender his defense to his carrier and force the carrier to accept it? Or could the carrier reject it and say, no, we haven't gotten any formal action yet? Or would you as the carrier, being a good insurance carrier and knowing what your rights are... Say you're in breach of the notice... And what your duties are. You have two things. You have a duty to defend or you file a deck action and get a construction from the court, which is really what's going on here, isn't it? Perhaps. So what you're saying is that the deck action doesn't have any merit either, even though what State Farm is trying to do is to get an adjudication of its rights, whether they have a duty to defend. They didn't get that adjudication in this deck action because they didn't ask for it precisely in that form. All they said was, you know, you set up a system here which basically, in our judgment, is inappropriate for an administrative hearing. And this is really a debt that hasn't been... been adjudicated to be one yet, and we're entitled to an adjudication someplace. You're saying it has to be in the Department of Administrative Affairs. I also noticed that you have a major problem with the national versus EPA case because you looked for a distinction that really doesn't exist. By saying, well, they adjudicated the 60 acres, and it was really 12 acres, so that he had... there was definite rightness. And I couldn't, frankly, follow that because the opinion doesn't run that way. Well, Your Honor, we don't argue... we argue that this case is similar to national marine versus EPA because in both cases, the agency issued a notice saying that, well, in the national marine case, you may be liable. And we're investigating, and this is sort of an initial step, but it didn't send the case into the pollution control board or the circuit court to actually adjudicate that, just an indication that the owner could be potentially liable. You know, I think you're running into... I noticed you cite two cases that are really helpful to you, and they're both pollution cases. And, you know, there's plenty of public policy underwriting in those Supreme Court opinions that are pro-pollution control cases, basically pay up now and litigate later. And I'm not sure that, although you'd like to shoehorn this $895 debt into a serious pollution problem, it's not the same thing as polluting... the public policy issues aren't as great when you're going after Mr. Molestri for $895 as when you're going after a major polluter. I think we can agree on that. Okay. But the... I just point that out as a possible modification, because, you know, to rely on those big, big pollution cases for a defense of your rather... And there's more cause and administrative discretion between the finding of the contamination... But the kind of thing you've structured... And the determination to go after it. I think the biggest problem you may have, from my perspective, is this. We sometimes use 232, 392 in an administrative area, and sometimes we don't. Now, does that depend on the size of the amount of money involved? I believe it just depends on whether there's a city employee, in which case we would use section 2, 392. Okay, so if I'm not a city employee, I may get a jury trial, but if I'm a city employee, I probably don't. No, Your Honor. We still might pursue you at the OAH under section 120.020. Okay. We bring those claims there all the time, as we're entitled to. But according to the letter, if I'm an employee, you can fire me first, even before you go to this pursuit of the claim in an administrative area. It says it may result in discipline. It doesn't say it will. Just notifying the employer doesn't necessarily mean that... Okay. Anything else you want to stress? We kind of beat up on you pretty bad and didn't give you a chance to outline your argument, but we've read your brief. It's a very able brief. Yeah, thank you. Very able brief. Thank you, Your Honor. I don't believe, I think we've covered everything. So in closing, for these reasons and those in our brief, we'd ask that this court affirm the circuit court's judgment. Thank you. Thank you, Mr. Clark. As I say, a very able brief in defense of a rather interesting scheme. A final word? Yeah. Briefly. The trial court rule as it did on the basis of, really, rightness. Judge Mackey thought the case was not right for appreciation. We didn't get into rightness too much. Well, the city hasn't done anything. All they did was send out this threat. Yeah, but... And there's no guarantee, as they point out. Maybe they'll do it, maybe they won't. Well, but we have cases like Vest in which... But in Vest, those cases were already pending in court, and they hadn't reached the limitation on liability issue in court, but the cases that would have been controlled by the tort reform legislation were already pending in the court. Yeah, and Vest actually cited Miles Kimball, which is the case that Justice McLoone... That's right. And in Miles Kimball's case, there wasn't anything pending in court then. And the... But nevertheless, the court held that the clerk or the judge was right because there had been a threat. And it's often the case... It emphasized the fact that the plaintiff or the punitive plaintiff called it a demand and referred to settlement as if the designation given by the plaintiff makes the difference. I'm not sure that I necessarily see it that way. I think that letter of lesson received can reasonably... But the decision in Vest rests on facts that have gone down. Yeah. I don't believe I have anything more. Thank you both.